IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID A. LINDSEY and § | | PLAINTIFFS |
| SUSAN B. LINDSEY § | | |
| § | | |
| v. § | | 1:06-CV-656LG-RHW |
| § | | |
| MISSISSIPPI STATE PORT AT GULFPORT, § | | DEFENDANTS |
| MISSISSIPPI STATE PORT AUTHORITY, § | | |
| MISSISSIPPI DEVELOPMENT AUTHORITY, § | | |
| TURBANA CORP., CHIQUITA FRESH § | | |
| NORTH AMERICA L.L.C., DOLE FOOD § | | |
| COMPANY, INC., CROWLEY AMERICAN § | | |
| TRANSPORT, INC., CROWLEY LINER§ | | |
| SERVICES, INC., ABC CORP., and XYZ§ | | |
| CORP. | | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND**

THIS MATTER COMES BEFORE THE COURT upon the Motion of the Plaintiffs to Remand [17] the above styled and numbered civil action to the Circuit Court of Harrison, County, Mississippi, First Judicial District. This matter was removed by Crowley American Transport, Inc. and Crowley Services, Inc. (collectively referred to as "Crowley") alleging that the non-diverse defendants, the Mississippi State Port Authority ("MSPA"), the Mississippi Development Authority ("MDA"), and the Mississippi State Port at Gulfport have been improperly joined in order to defeat diversity. The civil complaint centers around Plaintiffs' allegations that damages to their home, caused by the now infamous natural disaster known as Hurricane Katrina, resulted in part from the MSPA's and MDA's failure to act prior to and during the declared state of emergency. The Plaintiffs also allege that the intentional and negligent conduct, which is attributable to the MSPA's corporate tenants, caused or contributed

to their damages. The Court, having considered the pleadings on file, the briefs and arguments of counsel, and the relevant legal authorities, is of the opinion that the MSPA and the MDA, as agencies of the State of Mississippi, are cloaked with statutory immunity from liability for the conduct alleged in Plaintiffs' civil complaint. Thus, Plaintiffs are unable to establish a cause of action against these non-diverse parties in state court.

FACTS AND PROCEDURAL HISTORY

The Mississippi State Port Authority is an agency of the State of Mississippi.[1] By statute, the MSPA exists to "encourage the promotion, development, improvement, and expansion of the state's port, harbors and inland waterways."[2] The MSPA is empowered "to set aside, or lease all or portions of any lands, roads, docks, sheds, warehouses, elevators, compresses, floating dry docks, graving docks, marine railways, tugboats, or any other necessary or useful improvements constructed or acquired by it to individuals, firms, or corporations, public or private, for port, harbor, commercial or industrial purposes."[3] The Mississippi Development Authority is also an agency of the State of Mississippi.[4] The MDA was created by the Legislature to assist in the economic development of Mississippi. The remaining defendants are all foreign corporate entities who either lease MSPA port facilities or provide services to the MSPA and its lessees.

Recognizing its exposure to the risks associated with hurricanes and tropical storms, and

---

[1] MISS. CODE ANN. § 59-5-21. Although the Plaintiffs have also named the "Mississippi State Port at Gulfport" as a defendant in this matter, such an entity does not exist under Mississippi law.

[2] MISS. CODE ANN. § 59-5-3.

[3] MISS. CODE ANN. § 57-5-35.

[4] MISS. CODE ANN. § 57-1-2.

in accordance with its statutory authority under the Mississippi Emergency Management Law, MISS CODE ANN. § 33-15-1 *et seq.,* the MSPA promulgated the "Mississippi State Port Authority at Gulfport Hurricane Procedures."[5]  The MSPA hurricane procedures were established as "guidelines and procedures for Port Authority personnel before, during, and after a tropical storm or hurricane striking in proximity to the Port of Gulfport."[6]  On August 29, 2005, Hurricane Katrina decimated the Mississippi coast.  Buildings, containers, vehicles and materials stored or kept at the port facilities by MSPA's lessees were transformed and reduced to flying and floating debris.  This debris allegedly collided with Plaintiffs' home causing extensive damage.  Plaintiffs have brought claims of negligence, gross negligence, and trespass against the corporate defendants.  In support of their claims against the MSPA and the MDA, Plaintiffs allege that MSPA's "hurricane preparation was woefully inadequate."[7]  Plaintiffs also make numerous allegations which, viewed in the light most favorable to the Plaintiffs, take issue with the adequacy of the MPSA's written hurricane procedures and the acts of the MSPA personnel prior to, during, and after the storm.  According to Plaintiffs, the actions of the MSPA and MDA

---

[5]Miss. Code Ann. § 33-15-31(a) provides:
(a)  The governing bodies of the political subdivisions of the state and other agencies designated or appointed by the Governor are authorized and empowered to make, amend, and rescind such orders, rules, and regulations as may be necessary for emergency management purposes and to supplement the carrying out of the provisions of this article, but not inconsistent with any orders, rules and regulations promulgated by the Governor or by any state agency exercising a power delegated to it by him.

[6]*See* Plaintiff's Complaint, Exhibit "B", Mississippi State Port Authority at Gulfport Hurricane Procedures, pg.1.

[7]*See* Plaintiff's Complaint, ¶ 33.

caused or contributed to the destruction of their property.[8]

## DISCUSSION

This case was removed to this Court pursuant to 28 U.S.C. § 1441(a) alleging diversity jurisdiction under 28 U.S.C. § 1332. The diversity statute requires "complete diversity" of citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). However, such diversity cannot be destroyed by a plaintiff fraudulently joining a non-diverse defendant. *Hart v. Bayer Corp.*, 199 F.3d 239, 243-46 (5th Cir. 2000). Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568 (5th Cir. 2004). In considering an improper joinder claim based upon the inability of the plaintiff to establish a cause of action against the non-diverse party, the court ordinarily conducts a Rule 12(b)(6) analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the non-diverse party. In a few cases, in which a plaintiff has stated a claim but has misstated or omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). The burden of proof is on the removing party. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981). In considering an improper joinder claim, all factual allegations are viewed in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. *Travis v. Irby*, 326 F.3d at 650. In addition, all ambiguities in the controlling state

---

[8]*Id.* at ¶¶ 46-53.

law are resolved in favor of the plaintiff.  *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999); *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992); *B., Inc.,* 663 F.2d at 549.  The court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but looks only for a possibility that the plaintiff might do so.  *Dodson,* 951 F.2d at 42-43; *B., Inc.,* 663 F.2d at 549.  Here, Crowley contends that Plaintiffs cannot establish a cause of action against the Port.  Thus, Crowley must demonstrate there is no reasonable basis for the Court to predict that the Plaintiffs might be able to recover against the MSPA or the MDA.  *See Smallwood v. Illinois Cent. R. Co.,* 385 F.3d at 573.

THE MISSISSIPPI EMERGENCY MANAGEMENT LAW

The Mississippi Emergency Management Law, MISS. CODE ANN. § 33-15-1 *et seq.,* constitutes Mississippi's comprehensive disaster response statute outlining the state's disaster management program.  Contained within the law is an immunity provision.  Pursuant to MISS. CODE ANN. § 33-15-21(a):

> (a) Neither the state nor any political subdivision thereof, *nor other agencies*, nor, except in cases of willful misconduct, the agents, employees, or representatives of any of them engaged in *any emergency management activities*, while complying with or attempting to comply with this article or any rule or regulation promulgated pursuant to the provisions of this article, shall be liable for the death of or any injury to persons, or damage to property, as a result of such activity.(emphasis added)

Mississippi agencies are specifically granted § 33-15-21 immunity.  The scope of this immunity extends to "any emergency management activities".  Generally, "emergency management" means the preparation for, the mitigation of, the response to, and the recovery from

emergencies and disasters.[9]  Under any objective reading of the Plaintiff's complaint it is clear that they seek to impose liability upon the MSPA and the MDA for the implementation of hurricane procedures that are allegedly inadequate.  They also seek to impose liability upon these state agencies for their alleged failure to take preventative measures during the approach of the storm and corrective measures in its aftermath.  Significantly, § 33-15-21(a) would immunize emergency management responsibilities including the "provision of an emergency management system embodying all aspects of preemergency preparedness and postemergency response, recovery and mitigation."  *See* MISS. CODE. ANN. 33-15-5(c)(v).

The MSPA hurricane procedure, which Plaintiffs descry as ill conceived, and the pre-storm and post-storm actions that the Plaintiffs allege was negligently executed, is precisely the "emergency management" conduct the legislature intended to insulate from civil liability through the enactment of MISS. CODE ANN. § 33-15-21(c).  For the reasons stated above, it is the opinion of the Court that under Mississippi law there is no possibility of liability upon the non-

---

[9](c) "Emergency management" means the preparation for, the mitigation of, the response to, and the recovery from emergencies and disasters. Specific emergency management responsibilities include, but are not limited to:
(i) Reduction of vulnerability of people and communities of this state to damage, injury and loss of life and property resulting from natural, technological or man-made emergencies or hostile military paramilitary action.
(ii) Preparation for prompt and efficient response and recovery to protect lives and property affected by emergencies.
(iii) Response to emergencies using all systems, plans and resources necessary to preserve adequately the health, safety and welfare of persons or property affected by the emergency.
(iv) Recovery from emergencies by providing for the rapid and orderly start of restoration and rehabilitation of persons and property affected by emergencies.
(v) Provision of an emergency management system embodying all aspects of preemergency preparedness and postemergency response, recovery and mitigation.
(vi) Assistance in anticipation, recognition, appraisal, prevention and mitigation of emergencies which may be caused or aggravated by inadequate planning for, and regulation of public and private facilities and land use.  Miss. Code Ann. 33-15-5(c).

diverse Defendants.  Therefore,

**IT IS ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand [17] the above styled and numbered cause, filed July 28, 2006, should be, and is, hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the magistrate judge of this order and shall promptly submit an order lifting the stay entered in this matter on August 2, 2006.

**SO ORDERED AND ADJUDGED** this the 23th day of October, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE